FILED
SUPERIOR COURT
OF GUAM

2019 APR 23 PM 5: 00

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF0446-18 |
| | ) | |
| vs. | ) | DECISION AND ORDER |
| | ) | (Motion for Bail Redetermination) |
| LOUIS ANTHONY VARGAS, | ) | |
| DOB: 06/06/1985 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## Introduction

This matter came before the Honorable Anita A. Sukola on Defendant Louis Anthony Vargas's ("Defendant") Motion and Application for Bail Determination Hearing. Defendant is represented by Attorney Karlo Dizon. The People of Guam are represented by Assistant Attorney General Christine Santos Tenorio. A Motion Hearing was held on March 6, 2019. Having reviewed the parties' arguments, the record, and the relevant law, the Court ruled from the bench DENYING Defendant's Motion. The Court issues this Decision and Order to memorialize its ruling and in compliance with 8 Guam Code Annotated ("GCA") § 40.50.

## Background

Defendant is charged with: eight (8) counts of FIRST DEGREE CRIMINAL SEXUAL CONDUCT (As a First Degree Felony) (*special allegation: vulnerable victim enhancement*) and six (6) counts of SECOND DEGREE CRIMINAL SEXUAL CONDUCT (As a First Degree Felony) (*special allegation: vulnerable victim enhancement*). Indictment (Aug. 9, 2018).

Defendant was released on bail on July 28, 2018. Order of Conditional Release (July 28, 2018). On October 12, 2018, the Court issued a Bench Warrant for Defendant after he failed to appear for a hearing. A Commitment Order was issued on October 15, 2018, Committing Defendant to the Department of Corrections. Defendant's bail was set at $100,000.00 cash. Order after Hearing (Oct. 26, 2018).

ORIGINAL

## Discussion

Section 40.50 of Title 8 of the Guam Code states, "A person for whom conditions of release are imposed pursuant to this Chapter, and who after twenty-four (24) hours from the time of release hearing continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, be entitled to have the conditions reviewed by the Court." 8 GCA §40.50.

Section 40.10 of the Guam Code provides that "every person charged with an offense shall be ordered released pending trial in the manner and subject to the conditions provided by §§ 40.15 and 40.20." Id. § 40.10. Section 40.15 (b) requires, "The judge shall order the person charged to be released on recognizance, *unless the judge determines*, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." (emphasis added). *Id.* § 40.15(b). The law identities several factors in making such a determination, which include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) the history and characteristics of the person charged, including:
    (A) length of his/her residence on Guam;
    (B) his/her employment status and history, and financial condition;
    (C) his/her family ties and relationships;
    (D) his/her reputation, character, and mental and physical condition;
    (E) his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;
    (F) his/her history relating to drug or alcohol abuse;
    (G) the identity of the reasonable members of the community who will vouch for his/her reliability;
    (H) whether, at the time of the current offense or arrest, he/she was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of sentence of an offense under federal, state or local law; and
    (I) his/her history of compliance with other court orders;
(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released;
(4) statements of the alleged victim or others as to previous incidences of violence and threats made to the alleged victim;
(5) lethality risk assessments or other risk assessments deemed appropriate by the Judiciary of Guam; and
(6) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

*Id.* 40.15(c). If a Court finds that a defendant is not suitable for release, it is to impose the least onerous of the following conditions of release:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him/her and to assist him/her in appearing in court;

(b) placement of restrictions on the activities, movements, associations, and residence of the person;

(c) placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology, if available, and subject to the payment of fees or the exemption of fees, and other rules established by the court for electronic monitoring;

(d) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(e) release of the person during working hours, but with the condition that he/she return to custody at specified times

*Id.* §40.20

Defendant argues that he should be released based on the fact that he does not have a criminal record. Mot. for Redetermination at 4 (Jan. 3, 2019). The Court is concerned by Defendant's previous failures to obey the Court's orders, as evidenced by the Violation Reports which led to the revocation of Defendant's pre-trial release. The Court finds that Defendant has been given the opportunity for pre-trial release, but subsequently lost that opportunity due to his inability to comply with the Court's orders. The Court is concerned with the threat Defendant poses to the community, as Defendant is charged with harming a minor child. Additionally, the Defendant has previously left Guam without permission of the Court, raising concerns that he may be a flight risk.

## Conclusion

For the reasons stated above, the Court hereby DENIES Defendant's Motion to Modify Conditions of Release.

SO ORDERED this _____ 1/23/19 ; *nunc pro tunc* March 6, 2019.

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
JHOS
Date: 1/27/19  Time: 5
People v. Vargos; County Clerk, Superior Court of Guam

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

*People v. Vargos;* CF0###
D&O Denying Defendant's Motion and Application for Bail Redetermination